COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Ortiz and Causey
Argued at Lexington, Virginia


SLURRY PAVERS, INC.

                                              MEMORANDUM OPINION* BY
v.         Record No. 0204-22-3               JUDGE MARY BENNETT MALVEAUX
                                              JANUARY 17, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SMYTH COUNTY
Sage B. Johnson, Judge

W. Barry Montgomery (KPM Law, on brief), for appellant.

Jill Kinser Lawson, Assistant Commonwealth's Attorney (Kathryn
K. Hagwood; Commonwealth's Attorney's Office, on brief), for
appellee.


A jury found Slurry Pavers, Inc. ("Slurry Pavers") in violation of Code § 46.2-1126, which

defines the maximum gross weight permitted "on the highway by a vehicle." The circuit court

assessed Slurry Pavers a total of $7,307 in penalties, fees, and liquidated damages. On appeal,

Slurry Pavers argues that the circuit court erred in failing to grant its motion to strike the evidence

when the Commonwealth failed to produce sufficient evidence that it had illegally operated a

"vehicle" as defined by Code § 46.2-100. For the following reasons, we affirm the decision of the

circuit court.

## I. BACKGROUND

Slurry Pavers was hired to complete paving work for the Virginia Department of

Transportation. At issue in this appeal is its use of its paving machine, or "paver," that traveled

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

on Route 11 in Smyth County. The paver was transported from its regular location to an area near the work site on a tractor-trailer that "sits low to the ground."

On May 19, 2021, when the tractor-trailer arrived near the work site, representatives of Slurry Pavers realized that the tractor-trailer needed to cross over a set of railroad tracks to get to the site. The railroad crossing had a sign warning tractor-trailers about "bottoming out," or "drag[ging]," if they used the crossing.[1] Workers for Slurry Pavers decided to unload the paver at a staging area where the company stored its equipment and trucks for the job.

After the paver was unloaded at the staging area, a Slurry Pavers employee drove the paver onto Route 11 and across the train tracks onto Railway Drive. He eventually arrived at the work site after driving the paver about two miles in total. The paver was loaded with 30 bags of hydrated lime when traveling on Route 11. It was also carrying other Slurry Pavers employees.

Trooper Travis H. Pickel was on "weight detail" that day, using "a portable scales for weighing vehicles." He stopped the paver "somewhere close [to] or maybe at the work site" in order to weigh it. Before stopping the paver, he saw it drive on Route 11 for "roughly . . . a mile."

Rebecca Cordle and Michael Hall, Virginia Department of Motor Vehicles ("DMV") employees, were with Pickel when he stopped the paver. Cordle and Hall weighed the paver to see if it complied with Virginia's statutory weight standards provided in Code § 46.2-1126.

Cordle testified that an overweight determination is made by first measuring the distance between the first and last axles of a vehicle. Charts provided by DMV then "tell[] you how much weight that vehicle can haul legally through the Commonwealth." The distance between

_____

[1] A representative of Slurry Pavers testified that because a local bridge was closed the only way to access the work site was by using the railroad crossing.

axles on the paver was 19 feet.[2]  Per Code § 46.2-1126, the allowable weight for that distance is 50,000 pounds.  Cordle then used scales to determine that the weight on the first axle was 14,400 pounds and the weight on the last axle was 53,700 pounds, for a combined gross weight of 68,100 pounds.[3]  Based on these calculations, Cordle determined that the paver was 18,100 pounds overweight.

Slurry Pavers was issued an overweight citation for violating Code § 46.2-1126.  The citation assessed a $25 civil penalty, $7,260 in liquidated damages, and $22 in fees, for a total of $7,307.[4]

The case was heard in general district court, which entered judgment against Slurry Pavers in the amount of $7,307.  Slurry Pavers appealed the judgment to the circuit court.

At trial, the evidence established that the paver has steering wheels on both sides and an operator can sit on either side to drive the paver.  It does not have an enclosed cab, a seat belt, or a license plate.  The maximum speed of the paver is 15 to 17 miles per hour, depending on if the paver is moving on flat land or downhill.  The paver does not have a transmission or a drive shaft; it has "two propulsion pumps attached to a planetary, which has four independent wheel motors that move the machine."  It also has a hand throttle and a gas pedal and uses diesel gas. The paver moves on its own and need not be pulled, pushed, or towed to move.

---

[2] The actual distance was 18.5 feet, but Cordle testified that she rounded up to "the next number" which would "give [Slurry Pavers] a couple of hundred pounds difference" in the company's favor.

[3] A calibration document was admitted into evidence reflecting that the scales were tested and found accurate on September 4, 2020.  Cordle testified that the calibration testing certifies that the scales are accurate for one year.

[4] Code § 46.2-1135(A) provides that "[a]ny person violating any weight limit as provided in this chapter . . . shall be assessed liquidated damages."

Jason Byrd, an employee of Slurry Pavers, testified that the company could not get a registration from DMV for the paver.[5]  Additionally, the court admitted an email showing that several months after Slurry Pavers had been issued an overweight citation for the paver, a Slurry Pavers employee had emailed DMV to see if the company could obtain an overweight permit[6] for the paver.  A DMV program manager had replied that she had "received a pic of the machine" and was "questioning the ability to safely permit this thing when it doesn't have an enclosed cab like a vehicle does."

After both parties presented evidence, Slurry Pavers moved to strike the evidence, arguing that the evidence did not establish that the paver was a vehicle as defined by Code § 46.2-100.  The circuit court denied the motion, stating that "under the definitional section of [Code §] 46.2-100 that this can be considered a vehicle for purposes of enforcement and regulation of the weights and overweight regulations."

The jury found for the Commonwealth.  Slurry Pavers moved the court to set aside the verdict, which the court denied.  The circuit court imposed a $25 civil penalty, $7,260 in liquidated damages, and $22 in fees, a for a total of $7,307.

Slurry Pavers appealed to this Court.

## II.  ANALYSIS

On appeal, Slurry Pavers argues that the trial court erred in denying its motion to strike the evidence because the Commonwealth failed to produce sufficient evidence that it had operated a vehicle as defined by Code § 46.2-100.

---

[5] Hall also testified that he did not think that the paver had a registration from DMV.

[6] Code § 46.2-1139 allows DMV, "upon written application and good cause being shown," to "issue a permit authorizing the applicant to operate on a highway a vehicle of a size or weight exceeding the maximum specified in this title."

On appeal to this Court, "[w]e review issues of statutory interpretation and a circuit court's application of a statute to its factual findings, de novo." *Cole v. Smyth Cnty. Bd. of Supervisors*, 298 Va. 625, 635 (2020). "In construing statutory language, we are bound by the plain meaning of clear and unambiguous language." *White Dog Publ'g, Inc. v. Culpeper Cnty. Bd. of Supervisors*, 272 Va. 377, 386 (2006).[7]

Slurry Pavers was issued a citation for violating Code § 46.2-1126, which sets a maximum allowable weight for "the gross weight imposed on the highway by a vehicle." That code section is in Title 46.2, which includes a definitional section, Code § 46.2-100. Code § 46.2-100 defines "[v]ehicle" as "every device in, on or by which any person or property is or may be transported or drawn on a highway, except personal delivery devices and devices moved by human power or used exclusively on stationary rails or tracks."

Although Slurry Pavers argues that its paver was not a vehicle as that term is defined by Code § 46.2-100, this argument is belied by the plain language of this statute. In support of its argument, it points to several facts about the paver: its maximum speed was 15-17 miles per

---

[7] At trial, Slurry Pavers argued that a violation of Code § 46.2-1126 is criminal in nature while the Commonwealth asserted that it is a civil violation. The circuit court concluded that it is a criminal violation.

On appeal, Slurry Pavers contends that because a violation of Code § 46.2-1126 is criminal in nature, it is a penal statute that must be strictly construed against the Commonwealth. The Commonwealth contends, as it did below, that a violation of the statute is civil in nature and thus this principle does not apply. We need not resolve this dispute on appeal. While it is true that penal statutes at times must be strictly construed against the Commonwealth, we only apply this rule when the statute at issue is ambiguous. *See Tanner v. Commonwealth*, 72 Va. App. 86, 101 (2020) (noting that "the rule of lenity . . . requires that ambiguous penal statutes must be construed strictly against the Commonwealth" but that "this principle is limited to circumstances in which 'the language of the statute permits two *reasonable* but contradictory constructions'"" (quoting *Blake v. Commonwealth*, 288 Va. 375, 386 (2014))). Here, because there is no ambiguity in the language of Code § 46.2-100, we need not apply the rule of lenity, and therefore do not have to determine on appeal whether a violation of Code § 46.2-1126 is civil or criminal in nature. *See Dietz v. Commonwealth*, 294 Va. 123, 134 (2017) (noting that an appellate court decides cases "on the best and narrowest grounds available" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

hour, it did not have a seatbelt, enclosed cab, driveshaft, "nor any other items typically found on a vehicle 'in or by which any persons or property is or may be drawn on a highway,'" and it had to be transported to the work site by a tractor-trailer.

The plain language of Code § 46.2-100 shows these facts are not dispositive as to whether the paver qualifies as a vehicle under Code § 46.2-100. The paver was driven by a Slurry Pavers employee about two miles to the work site. While the paver itself does not have many of the traditional qualities that a vehicle has, the operator does sit on either side of the paver to drive it. The paver has a hand throttle and a gas pedal and uses diesel gas. Most importantly, the paver moves on its own through the gas pedal and wheel motors that move the machine; it does not need to be pulled, pushed, or towed to move.

Finally, Code § 46.2-100 defines a vehicle as any device which may transport people or property along a highway. The paver was loaded with 30 bags of hydrated lime when it was driving on Route 11. It was also carrying other Slurry Pavers employees at that time. The paver thus transported both people and property on a highway. We conclude that these circumstances establish that the paver was a "device in, on or by which any person or property is or may be transported or drawn on a highway" and not a "personal delivery device[]," [8] a "device[] moved by human power," or a device "used exclusively on stationary rails or tracks." Code § 46.2-100. Accordingly, we find Slurry Pavers' argument—that the paver was not a vehicle because it does

---

[8] "Personal delivery device" is defined as "a powered device operated primarily on sidewalks and crosswalks and intended primarily for the transport of property on public rights-of-way that does not exceed 500 pounds, excluding cargo, and is capable of navigating with or without the active control or monitoring of a natural person." Code § 46.2-100.

not share many characteristics traditionally associated with other commercial or personal vehicles—without merit.[9]

## III. CONCLUSION

For the reasons set forth above, we affirm the decision of the circuit court.

*Affirmed.*

---

[9] Slurry Pavers also argues that the paver does not qualify as a vehicle under Code § 46.2-100 because it was not licensed or registered by DMV. We find nothing in the plain language of Code § 46.2-100 mandating that a vehicle be licensed or registered with DMV in order to constitute a vehicle under that code section. Slurry Pavers further contends that it is important in this case that DMV advised it that it could not obtain an overweight permit for the paver because the paver does not "have a cab like a vehicle does." We again find this argument unpersuasive because the advice of a DMV employee is not relevant to the issue on appeal, which involves our Court's de novo interpretation of the statute at issue.